IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE A. CHRISTIAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FULTON FINANCIAL CORPORATION, et al. | : | NO. 5:10-cv-000789-JRS |

## ORDER

**ORDER AND NOW**, this _____ day of _____, 2010 upon consideration of Plaintiffs' Motion to Disqualify Hunter W. Sims, Jr., Esquire, and any response thereto, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the motion is **GRANTED**.

BY THE COURT:

_____
Juan R. Sánchez, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE A. CHRISTIAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FULTON FINANCIAL CORPORATION, et al. | : | NO. 5:10-cv-000789-JRS |

### PLAINTIFFS' MOTION TO DISQUALIFY HUNTER W. SIMS, JR., ESQUIRE

For the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Michele A. Christian, *pro se*, and George H. Christian, *pro se*, respectfully move this Honorable Court pursuant to Pennsylvania Rule of Professional Conduct 3.7, the Virginia Rule of Professional Conduct 3.7, and the Court's inherent powers to disqualify Hunter W. Sims, Jr., Esquire as counsel for Defendants.

Respectfully submitted,

By: _/s/Michele A. Christian_
Michele A. Christian, Plaintiff *pro se*
1317 Avonlea Court
Chesapeake VA 23322
(757) 652-5216

By: _/s/George H. Christian_
George H. Christian, Plaintiff *pro se*
1317 Avonlea Court
Chesapeake VA 23322
(757) 652-5219

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHELE A. CHRISTIAN, et al.         :         CIVIL ACTION
                                     :
v.                                   :
                                     :
FULTON FINANCIAL                     :         NO. 5:10-cv-000789-JRS
CORPORATION, et al.                  :

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY HUNTER W. SIMS, JR., ESQUIRE

Plaintiffs Michele A. Christian, *pro se*, ("Mrs. Christian") and George H. Christian, *pro se*, ("Mr. Christian") (collectively "Plaintiffs"), respectfully submit this Memorandum of Law in Support of their Plaintiffs' Motion to Disqualify Hunter W. Sims, Jr., Esquire.

1.  On April 22, 2010, Defendants filed the Declaration of Hunter W. Sims, Jr. ('Decl.") attached to Defendants' Motion to Dismiss Because of Improper Venue or, in the alternative, to Transfer Venue. [**Dkt. No. 7**.]

2.  In his Declaration, Mr. Sims averred he possessed certain intimate and first-hand knowledge relating to significant material facts in dispute concerning the underlying proceedings, including but not limited to:

    a.  The purported loan interview (Decl. ¶¶ 6, 10);

    b.  The purported note at issue (Decl. ¶¶ 7, 10);

    c.  Employees with purported first-hand knowledge concerning the allegations in this case (Decl. ¶ 11);

        1) Chaytor Midgett purportedly (a) was Resource Bank's loan officer for Mrs. Christian's refinance; (b) conducted the loan interview; (c) attended the closing at 4429 Bonney Road, Virginia Beach (Decl. ¶ 18A);

        2) Tammy Fiske purportedly (a) was Resource Bank's post closer for the loan; (b) prepared the Note and Deed of Trust; and (c) filed the Deed of Trust.

1

(Decl. ¶ 18B.)

3) John Abad purportedly (a) was Resource Bank's settlement officer on the loan; and (b) served as the Notary Public for the Note and Deed of Trust (Decl. ¶ 18C.)

4) Erika Tucker purportedly (a) was Resource Bank's Shipper for the loan; and (b) signed a letter dated January 6, 2006 which was sent to Mrs. Christian informing that Resource Bank had sold the loan. (Decl. ¶ 18D.)

5) Ellen Lenihon purportedly was Resource Bank's funding and suspense personnel.   (Decl. ¶ 18E.)

6) Jane Harrell purportedly was Resource Bank's funding and suspense personnel. (Decl. ¶ 18F.)

7) Kitty Parker purportedly was Resource Bank's processor for the loan. (Decl. ¶ 18G.)

8) Amanda Wagley purportedly (a) was Resource Bank's assistant processor for the loan;  (b) amended the Truth-in-Disclosure; (c) wrote a letter to Mrs. Christian dated November 17, 2005. (Decl. ¶ 18H.)

9) Debra Clendenen purportedly (a) was an employee of Resource Bank; (b) signed the lock-in agreement dated November 16, 2005; and (c) requested Mrs. Christian's credit report. (Decl. ¶ 18I.)

10) Barbara Auer purportedly (a) is Resource Bank's service vice-president; and (b) endorsed the note without recourse. (Decl. ¶ 18J.)

11) Lucia Raucci (a) was an employee of Resource Bank; and (b) signed as underwriter for the loan. (Decl. ¶ 18K.)

12) Charles D. Robison III purportedly (a) was an employee of Resource Bank; and (b) served as Original Trustee for the note. (Decl. ¶ 18L.)

13) William T. Morrison purportedly (a) was an employee of Resource Bank; (b) served as Original Trustee for the note; and (c) is currently employed at Fulton Financial. (Decl. ¶ 18M.)

14) Melissa Sheetz (purportedly a) was an employee of Resource Bank; and (b) signed a letter dated October 29, 2009 which was sent to Mr. Christian responding to his letter requesting a loan modification. (Decl. ¶ 18N.)

15) Rebecca Dixon purportedly (a) is an employee of Wells Fargo borrower counseling service; and (b) denied a loan modification for the loan requested by Mr. Christian. (Decl. ¶ 18O.)

16) Nicole Miles purportedly (a) is vice-President of loan documentation; and (b) signed the substitution of trustee agreement for US Bank to Samuel I. White. (Decl. ¶ 18P.)

17) Various others with purported with knowledge concerning these proceedings. (Decl. pages 7-12)

   d.  Wells Fargo, N.A.'s purported business practices. (Decl.¶ 13.)

   e.  US Bank, N.A.'s purported business practices. (Decl. ¶ 14.)

   f.  MERS business purported practices. (Decl. ¶ 15.)

   g.  Samuel I. White, P.C.'s purported business practices. (Decl. ¶ 16.)

   h.  That REIPA purportedly provided the title insurance for the note. (Decl. ¶ 18C.)

   i.  A default notice was purportedly sent to Mrs. Christian on June 15, 2008, August 17, 2009, and November 16, 2008 from the Default Mortgage Department. (Decl. ¶ 20A.)

3.    On May 12, 2010 the Defendants filed the Amended Declaration of Hunter W. Sims, Jr. which was attached to Defendants' Motion to Correct Typographical Error as Exhibit 1, and introduced similar disputed facts into the record (the substance of which is that Defendants moved the Court to allow a "typographical" correction to change Hunter W. Sims, Jr.'s Declaration testimony from "Mr. Christian signed the Note. . ." to "Mrs. Christian signed the Note. . ." on the basis it was a "typographical error" [**Dkt. No. 17.**][1]

4.    Accordingly, Hunter W. Sims, Jr., Esquire will be required to testify at the trial of this case as a witness with respect to his knowledge of the facts he provided in his Declarations.

## LEGAL STANDARD

---

[1] An Order had not been entered at the time this brief was prepared.

5. Pennsylvania Rule of Professional Conduct 3.7 provides:

   a. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

      1) the testimony relates to an uncontested issue;

      2) the testimony relates to the nature and value of legal services rendered in the case; or

      3) disqualification of the lawyer would work substantial hardship on the client.

6. Virginia Rule of Professional Conduct 3.7 similarly provides:

   a. A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:

      1) the testimony relates to an uncontested issue;

      2) the testimony relates to the nature and value of legal services rendered in the case; or

      3) disqualification of the lawyer would work substantial hardship on the client.

## ARGUMENT

7. Pursuant to PRPC 3.7 and VRPC 3.7, Hunter W. Sims, Jr., Esquire should be disqualified as counsel for the Defendants as his testimony does not relate to an uncontested issue or the nature and value of legal services rendered in this case and further, his disqualification will not work substantial hardship on the Defendant.

## CONCLUSION

WHEREFORE, for the reasons contained herein, Plaintiffs respectfully request that this Court enter an order: (a) disqualifying Hunter W. Sims, Jr., Esquire as counsel for Defendants; and (b) granting such other and further relief as the Court deems appropriate at law or in equity.

Respectfully submitted,

By: /s/Michele A. Christian
Michele A. Christian, Plaintiff *pro se*
1317 Avonlea Court
Chesapeake VA  23322
(757) 652-5216

By: /s/George H. Christian
George H. Christian, Plaintiff *pro se*
1317 Avonlea Court
Chesapeake VA  23322
(757) 652-5219

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the parties *via* either facsimile and/or email or both on this 9th day of July, 2010.  The Plaintiffs also served a courtesy copy on the Hon. Juan R. Sánchez *via* facsimile.

By: /s/George H. Christian
George H. Christian